**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Eisen and Associates Limited, | No. CV-18-02120-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| CoxCom, LLC, *et al*. | |
| Defendants. | |

Before the Court is the Joint Motion for Clarification of February 4, 2020 Summary Judgment Order. (Doc. 83.) The Motion seeks clarification: "(1) whether the Court found Defendant liable to Plaintiff on its breach of contract claim in the amount of $90,210.40, and (2) whether Plaintiff may present additional evidence at trial on damages above $90,210.40 by utilizing an 'account-by-account' basis."

The Summary Judgment Order granted partial summary judgment to CoxCom, LLC ("Cox") on Plaintiff Kenneth Eisen and Associates Limited's ("KEA") damages theory. (Docs. 47, 67.) The Order holds:

> Construing the inferences from the facts in KEA's favor, the Court finds that KEA has reasonably demonstrated that it would be entitled to damages, and that its computation of damages through an account-by-account comparison is a reasonable method, but solely with regard to the $90,210.40 it has purportedly identified through an account-by-account analysis. (Doc. 51 at 4.) The Court finds that any computation of damages based on the application of a percentage too speculative. For damages over $90,210.40,

the Court **grants** summary judgment in favor of Cox.

(Doc. 67 at 14.)

**IT IS ORDERED** granting the Motion (Doc. 83) and providing the following clarification to the February 4, 2020 Order.

1. The Court agrees with Cox that KEA's percentage theory of damage estimation is impermissibly speculative. Summary judgment was granted in Cox's favor to the extent that KEA's damages theory relies on the application of a percentage to accounts that were not subject to an account-by-account comparison.

2. Insofar as KEA performed a partial account-by-account comparison (or, as it is also described in the briefing, a "spot check") to support its damages theory, the Court denied Cox's Motion for Summary Judgment. Using this calculation model, KEA argues that its damages are $90,210.40. The Court's Order denying summary judgment on this issue did not conclude that KEA is entitled to this amount. Instead, KEA may introduce evidence at trial following this methodology that it has been damaged up to $90,210.40.

3. KEA may introduce evidence of damages beyond $90,210.40 so long as it has made timely and appropriate disclosures *and* the evidence does not rely on the discredited percentage theory.

4. This ruling is without prejudice to Cox moving in limine to preclude damages evidence, should Cox deem it appropriate. Nor does it provide an advance decision on foundation, relevance, or similar evidentiary issues that may arise at trial.

Dated this 23rd day of July, 2020.

Michael T. Liburdi
United States District Judge